## PEOPLE, EX REL. TALLANT vs. TILLINGHAST.

*Fourth District Court, for San Francisco Co., October,* 1857.

### MANDAMUS.

Where a treasurer is prohibited by law from making disbursements until after the claims shall have been approved by certain persons duly appointed so to do, a *mandamus* will not be granted to compel the treasurer to liquidate such a demand not approved, even though the non-approval is through the default of those[who should so have done. The remedy should properly be first sought against these latter.

On the 20th of October, 1857, D. J. Tallant and others, commenced this action to obtain a mandamus to the treasurer of the city and county of San Francisco, commanding him to make a certain disposition of moneys under his charge, and filed therein an affidavit to the following effect:

That the city of San Francisco, being greatly indebted, the state

legislature on the 1st of May, 1857, passed an act to provide for the funding and payment thereof.* In pursuance of said act, the debt of the city to the amount of of $1.635,600 was funded and deponent and Wm. Hooper were appointed two of the original commissioners ; the other relators, forming the present board of fund commissioners having been since added to fill the vacancies from time to time created in said board. In 1856, prior to making out the general assessment list for that year, the commissioners certified and delivered to the assessor, the amount necessary for the payment of the interest of that year, and demanded of R. E. Woods, then treasurer, this amount and that necessary to paid to the sinking fund in pursuance of section 4, of said act. Although there was then money in the treasury, only $110,000 paid to the commissioners, being $39,000 less than the interest for the current year, the residue of which was paid from other funds. Previous to making out the general assessment list of the city and county of San Francisco, for 1857, on the 3d of June, said commissioners certified and delivered to the assessor the amount necessary to be raised for the payment of the interest of the debt so funded in pursuance of said section 4. Taxes for the present year have been paid into the treasury to a large amount. In pursuance of said act, certificates of stock with conpons for interest attached were issued to the creditors of said city, payable at the office of the fund commissioners at the time in the said act specified, and in the manner therein provided. This stock is held principally in Europe, and in the Atlantic States, where the prompt payment of the interest has given it a high character as an investment. Of the said stock has been redeemed, $176,400 of which amount $18,800 has been redeemed at par, in 1857, since the delivery to the assessor of the certificates for that year. The sum certified for interest in 1856, was $149,900, and of the amount for interest and for the sinking fund there remains yet due the commissioners $89,600 On the 13th of October, 1857, *relators* applied to W. H. Tillinghas', the present treasurer of the aforesaid city and county, for the money which had been received into the treasury and which was then there. Said Tillinghast there admitted that he had $15,000 in cash besides audited accounts received for taxes and belonging to the general fund

* See laws of 1851, p. 387.

of the city and county of San Francisco, but refused to pay over the same because the Consolidation Bill* requires that the accounts shall be audited by the board of supervisors of said city and county. Deponents aver that they are informed and believe that the assessor had sent in to the board of supervisors the requisition made for 1857, and that the commissioners although not deeming it necessary or required, yet to obviate all difficulty, transmitted on October 16th, statements of what was required for the interest and the sinking fund, but no final action has been had thereon.

On October 21st, an order was granted commanding defendant to show cause why the payment had not been made and a *mandamus* should not issue, and also an alternative *mandamus* commanding him the said Tillinghast, to pay over $179,000 as fast as received, or show cause why he should not do so.

The treasurer filed no answer, it having been averred in relators' affidavit that their claim had not been duly audited, upon which admission defendant relied as a cause why the alternative *mandamus* should not be made imperative.

On the 24th, the city and county of San Francisco, answer and pray that they may intervene, they being interested in this, that said city and county by its proper officers, has issued and collected for the present year a large amount of taxes now on hand to answer the demand of creditors of the said city and county ; that there is a large amount of indebtedness against said city and county now due upon duly audited demands on said treasurer which said demands were audited and registered, long before the demand mentioned in the affidavit of the relators was presented to the board of supervisors,—that said demand is now in the hands of said board of supervisors to be passed upon in due course by them. That great injustice will be done to the said city and county, and to the creditors thereof,—and that the administration of the government of said city and county will be greatly embarassed if the said treasurer be compelled to pay relators as they pray. The sum of $89,000 mentioned in relators' affidavit, if payable at all, is only payable out of the receipts upon the general assessment list of 1856, and that the defendant is not required by law to pay the same out of

* See laws 1857, ch. 334.

any funds derived from the general assessment list of 1857, and the affidavit and complaint do not allege that there are any funds in defendant's hands derived from the general assessment list of 1856.— The money now in the hands of the treasurer has been collected upon the general assessment list of the city and county of San Francisco.— A large portion of said taxes have been collected from persons residing within the city and county of San Francisco; but outside the limits of the late city of San Francisco, and that neither these persons nor their property were ever bound for the debts of the city of San Francisco; and the taxes raised thereon cannot be separated from the general fund. Defendant is not required to pay the demand of relators.

*First*, because the act of 1851 is unconstitutional, and

*Second*, because the several charters of the city of San Francisco have been repealed by the consolidationact, and that relators' demand was not audited in conformity with this latter act.

HAGER, J. In deciding the matter remarked that it was unnecessary to pass upon the questions raised by the intervenors and thought it doubtful whether it was a case for an intervention such as has been made.

The treasurer however in the opinion of the court had shown sufficient cause against making the mandamus premptory. The act consolidating the government of the city and county is imperative in its provisions in regard to the payment of all moneys out of the treasury. All claims, except in a few specified cases, are required to be presented to and approved by the board of supervisors before payment

This provision in no way conflicts with the act under which the relators, the fund commissioners, are appointed and derive their powers. On the contrary it is a wholesome provision authorizing the proper board having charge of the county and city affairs and finances to exercise such supervision over the execution of the trust created by the last act as is proper and necessary to see and determine that it is exactly and faithfully carried out and that a correct check and account be kept of the moneys that go out of the treasury and in the hands of the fund commissioners.

It does not appear that the relators have presented their claim to the supervisors or that its payment has been authorized by them.

Until this is done the treasurer by law is prohibited from paying it, and his refusal to do so is no violation of official duty.

When the relators shall have taken the necessary steps and gone through the formalities required by law to entitle them to payment of their claim, probably the treasurer will perform his duty : should he however then refuse he may be compelled to do so by *mandamus.* Should the supervisors refuse to perform their duties the remedy is by *mandamus* against them.

The motion to make the writ of *mandamus* premptory is denied and the proceedings are dismissed.